IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| QUINCY DEAN PFISTER, | Cause No. CV 23-04-BLG-SPW |
| Plaintiff, | |
| vs. | ORDER |
| YELLOWSTONE COUNTY DETENTION FACILITY, et al., | |
| Defendants. | |

Plaintiff Quincy Dean Pfister (Pfister), filed a proposed civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 2.) On May 3, 2023, Mr. Pfister was advised of the deficiencies in his complaint and was provided an opportunity to file an amended complaint. (Doc. 9.) Mr. Pfister was given 30 days within which to do so and was advised that if he failed to comply, the matter was subject to dismissal. (*Id*. at 14-15.)

On May 15, 2023, Mr. Pfister filed a Notice of Change of Address, notifying the Court that he is now incarcerated at Montana State Prison (MSP). (Doc. 11.) The Court's May 3, 2023, Order was re-sent to MSP in order to ensure that Mr. Pfister had received the same. (Doc. 10.) Nevertheless, Mr. Pfister failed to file an amended complaint.

1

On June 5, 2023, this Court entered an order directing Mr. Pfister to show cause as to why this matter should not be dismissed for failure to comply with the Court's order.  (Doc. 12.)  Mr. Pfister was provided 14 days within which to file his response.  (*Id.* at 2.)  Mr. Pfister failed to comply with this Court's order.

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action or fails to comply with other Rules of the Court.  *See also Applied Underwriters v. Lichtenegger*, 913 F. 3d 884, 889 (9th Cir. 2019) (citation omitted).  A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with the local rules.  *See Ferdik v. Bonzelet*, 963 F. 2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint).  The Court may dismiss a case on its own without awaiting a motion.  *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F. 3d 683, 689 (9th Cir. 2005).

In determining whether a petitioner's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson*

2

*v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). Pfister has failed to comply with this Court's order directing him to file an amended complaint and he failed entirely to respond to the Court's show cause order. This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002). The Court cannot manage its docket if Pfister refuses to comply with the Court's orders. Pfister's case has consumed judicial resources and time that could have been better spent on other matters. This factor, therefore, also favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Respondents. A rebuttable presumption of prejudice to respondents arises when a petitioner unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted,

3

although it does not weigh strongly against Pfister in the present case.

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F. 2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal. *Id.* Pfister was afforded an adequate amount of time in which to prepare and file his amended complaint. Similarly, he was provided with a sufficient opportunity to respond to the order to show cause. Further, Pfister was advised that his failure to obey the court's order would result in dismissal. (*See e.g.* Doc. 12 at 2.) Such a warning satisfies the considerations of the alternative requirement. *See Ferdik*, 963 F. 2d at 1262. Pfister had adequate warning that dismissal would result from his noncompliance. At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte*, 138 F. 3d 393, 399 (9th Cir. 1998). But in light of the other four factors favoring dismissal, the weight of this factor is slight. No further resources of the Court will be expended. This matter will be dismissed based upon Pfister's failure to prosecute pursuant to Fed. F. Civ. P. 41(b). Accordingly, the Court enters the following:

## ORDER

1.  This matter is dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

2.  The Clerk of Court is directed to close this matter and enter judgment in favor of Respondents pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  No reasonable person could suppose an appeal would have merit.

DATED this _27th_ day of June, 2023.

Susan P. Watters
United States District Court Judge